IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER F. ANDERSON,

    Petitioner,               No. 2:08-cv-0660 KJN P

    vs.

KATHY PROSPER,

    Respondent.           ORDER

_____/

I. Introduction

        Petitioner, proceeding without counsel, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case is before the undersigned pursuant to both parties consent. Dkt. Nos. 7, 8. Petitioner challenges his January 13, 2006, Tehema County jury trial conviction for one count of robbery, providing false identification to a peace officer and possession of methamphetamine. Answer to Petition (Answer) at 1-2. Petitioner was sentenced to a term of 7 years, 4 months. Id. at 1. Petitioner raises only one ground for relief, that the upper term sentence violated the constitution under Cunningham.[1] Original Petition (Petition) at 5.

---

[1] Cunningham v. California, 549 U.S. 270 (2007).

1

After carefully considering the record, the court orders that the petition be denied.

II. <u>Anti-Terrorism and Effective Death Penalty Act (AEDPA)</u>

The Antiterrorism and Effective Death Penalty Act (AEDPA) applies to this petition for habeas corpus which was filed after the AEDPA became effective. <u>Neelley v. Nagle</u>, 138 F.3d 917, 921 (11th Cir. 1998), citing <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997). The AEDPA "worked substantial changes to the law of habeas corpus," establishing more deferential standards of review to be used by a federal habeas court in assessing a state court's adjudication of a criminal defendant's claims of constitutional error. <u>Moore v. Calderon</u>, 108 F.3d 261, 263 (9th Cir. 1997).

In <u>Williams (Terry) v. Taylor</u>, 529 U.S. 362, (2000), the Supreme Court defined the operative review standard set forth in § 2254(d). Justice O'Connor's opinion for Section II of the opinion constitutes the majority opinion of the court. There is a dichotomy between "contrary to" clearly established law as enunciated by the Supreme Court, and an "unreasonable application of" that law. <u>Id</u>. at 405. "Contrary to" clearly established law applies to two situations: (1) where the state court legal conclusion is opposite that of the Supreme Court on a point of law; or (2) if the state court case is materially indistinguishable from a Supreme Court case, i.e., on point factually, yet the legal result is opposite.

"Unreasonable application" of established law, on the other hand, applies to mixed questions of law and fact, that is, the application of law to fact where there are no factually on point Supreme Court cases which mandate the result for the precise factual scenario at issue. <u>Williams (Terry)</u>, 529 U.S. at 407-08 (2000). It is this prong of the AEDPA standard of review which directs deference to be paid to state court decisions. While the deference is not blindly automatic, "the most important point is that an *unreasonable* application of federal law is different from an incorrect application of law . . . [A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that

application must also be unreasonable." Williams (Terry), 529 U.S. at 410-11 (emphasis in original).  The habeas corpus petitioner bears the burden of demonstrating the objectively unreasonable nature of the state court decision in light of controlling Supreme Court authority. Woodford v. Viscotti, 537 U.S. 19, 25 (2002).

The state courts need not have cited to federal authority, or even have indicated awareness of federal authority in arriving at their decision.  Early v. Packer, 537 U.S. 3, 8 (2002). Nevertheless, the state decision cannot be rejected unless the decision itself is contrary to, or an unreasonable application of, established Supreme Court authority.  Id. at 10-11.  An unreasonable error is one in excess of even a reviewing court's perception that "clear error" has occurred. Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003).  Moreover, the established Supreme Court authority reviewed must be a pronouncement on constitutional principles, or other controlling federal law, as opposed to a pronouncement of statutes or rules binding only on federal courts. Early v. Packer, 537 U.S. at 8.

However, where the state courts have not addressed the constitutional issue in dispute in any reasoned opinion, the federal court will independently review the record in adjudication of that issue.  "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).

III.  Background

The opinion of the California Court of Appeal, Third Appellate District, contains a factual summary of the proceedings giving rise to this case.  After independently reviewing the record, the court finds this summary to be accurate and adopts it below.

> Case No. NCR66211
>
> In April 2005, Officer Eric Magrini responded to a call regarding a disturbance in an apartment complex in Red Bluff.  He was directed to a particular apartment and knocked on the door.  [Petitioner] answered.

3

Magrini noticed tattoos on [petitioner's] arm of a type common to those who have served time in prison and asked if [petitioner] was on probation or parole. [Petitioner] initially said no but later admitted he was on parole.

Magrini went into the apartment and began looking around. He found a spoon with a crystallized substance on it, a piece of cotton, and a hypodermic needle. [Petitioner] said these items did not belong to him. A woman in the apartment also denied ownership or knowledge of the items.

[Petitioner] was handcuffed and taken to a patrol car by another officer. He resisted "mildly" by pushing back against the officer as he was being taken to the car. When Magrini took defendant out of the patrol car at the jail, Magrini found a bindle containing a white substance on the floorboard, which had not been there before [petitioner] was put into the car. The bindle tested positive for methamphetamine.

[Petitioner] was charged with possession of a controlled substance, possession of drug paraphernalia (Health & Saf. Code, § 11364), and resisting arrest. The information also alleged [petitioner] had served a prior prison term and had been convicted of a serious or violent felony within the meaning of Penal Code sections 1170.12, subdivisions (a) through (d) and 667, subdivisions (b) through (I). As noted earlier, [petitioner] pleaded guilty to the possession charge and admitted the prior prison term and the prior serious or violent felony conviction.

Case No. NCR67197

Late in the evening of October 5, 2005, Rosalio S. was visiting his girlfriend, April H., at the home of April's sister. While Rosalio and April sat in a car in front of the home, they saw a red Honda drive by slowly, turn around, and come back their way. There were two people in the car. Later, Rosalio and April saw the car parked a short distance behind them.

Two men got out of the car and walked up to Rosalio, who was sitting on the driver's side of the car with the window open. The larger man, later identified as [petitioner], leaned on the door, and asked what Rosalio and April were doing. The other man, later identified as Aaron Perry, stood beside [petitioner]. [Petitioner] told them they had to move the car because neighbors were "tripping" at the sight of an unknown car in the area. April told the men she lived there.

[Petitioner] and Perry then reached into the car holding knives. [Petitioner] put his knife to Rosalio's throat and asked if Rosalio had any money or drugs. He demanded Rosalio's wallet and Rosalio gave it to him. [Petitioner] then reached across Rosalio and grabbed a cell phone from a console in the car. Perry took a leather jacket from the back seat of the car and the two left with the stolen property.

Rosalio and April reported the crime to police officers a few minutes later, and gave the officers a description of the car the thieves left in. The officer radioed the description of the car to others and four or five minutes later another officer saw a car that matched that description and followed it. The car stopped near a

4

gas station and [petitioner] and Perry, and a woman named Andrea Lafferty, got out.  Perry walked toward a house, while [petitioner] and Lafferty walked to the gas station.

The three were detained and searched and [petitioner] and Perry were found to have pocketknives.  At Perry's feet on the ground outside the car, officers found the cell phone taken from the victim's car.  Officers found Rosalio's wallet on the ground, directly under the right front passenger seat.  They found Rosalio's leather jacket in the trunk of the car.

[Petitioner] identified himself to the officers as Kyle Jonathan Anderson.

The officers brought Rosalio and April to the gas station and they identified [petitioner] and Perry as the men who robbed them.

At trial the jury found [petitioner] guilty of second degree robbery and giving police false identification.  He thereafter admitted he had served a prior prison term.

[Petitioner] was sentenced on both matters to an aggregate term of seven years four months in prison.  The trial judge ordered him to serve the upper term of five years for the robbery, with a consecutive one-year enhancement for the use of a weapon; a concurrent term of six months for giving false identification; and a consecutive, 16 months for his possession of methamphetamine.

Lod. Doc. No. 5 at 3-6.

IV.  Argument & Analysis

       Claim 1 - Upper term sentence

       Petitioner contends that the trial court erred in imposing an upper term sentence in violation of Cunningham.  Petition at 5.

       *Legal Standard*

       In Apprendi v. New Jersey, 530 U.S. 466 (2000), the United States Supreme Court held as a matter of constitutional law that, other than the fact of a prior conviction, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. at 490.  In Blakely v. Washington, 542 U.S. 296 (2004), the Supreme Court held that the "statutory maximum for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."  Blakely, 542 U.S. at 303.  There is a

5

narrow exception to this rule, however, for enhancements that are based on prior convictions; these need not be submitted to the jury. See Almendarez-Torres v. United States, 523 U.S. 224, 244 (1998) ("[T]o hold that the Constitution requires that recidivism be deemed an 'element' of petitioner's offense would mark an abrupt departure from a longstanding tradition of treating recidivism as 'go[ing] to punishment only.'"); Butler v. Curry, 528 F.3d 624, 641 (9th Cir. 2008)

In People v. Black, 35 Cal. 4th 1238 (2005) ("Black I"), the California Supreme Court held that California's statutory scheme providing for the imposition of an upper term sentence did not violate the constitutional principles set forth in Apprendi and Blakely. The court in Black I reasoned that the discretion afforded to a sentencing judge in choosing a lower, middle or upper term rendered the upper term under California law the "statutory maximum." Black I, 35 Cal. 4th at 1257-61.

In Cunningham v. California, 549 U.S. 270 (2007), the United States Supreme Court held that a California judge's imposition of an upper term sentence based on facts found by the judge (other than the fact of a prior conviction) violated the constitutional principles set forth in Apprendi and Blakely. Cunningham expressly disapproved the holding and the reasoning of Black I, finding that the middle term in California's determinate sentencing law was the relevant statutory maximum for purposes of applying Blakely and Apprendi. Cunningham, 549 U.S. at 291-94.[2]

In light of Cunningham, the Supreme Court vacated Black I and remanded the case to the California Supreme Court for further consideration. Black v. California, 549 U.S. 1190 (2007). On remand, the California Supreme Court held that "so long as a defendant is eligible for the upper term by virtue of facts that have been established consistently with Sixth Amendment principles, the federal Constitution permits the trial court to rely upon any number of aggravating circumstances in exercising its discretion to select the appropriate term by

---

[2] The Ninth Circuit subsequently held that Cunningham may be applied retroactively on collateral review. Butler v. Curry, 528 F.3d 624, 639 (9th Cir. 2008).

balancing aggravating and mitigating circumstances, regardless of whether the facts underlying those circumstances have been found to be true by a jury." People v. Black, 41 Cal. 4th 799, 813 (2007) (Black II). In other words, as long as one aggravating circumstance has been established in a constitutional manner, a defendant's upper term sentence withstands Sixth Amendment challenge.

Thereafter, relying on Black II, the Ninth Circuit confirmed that, under California law, only one aggravating factor is necessary to authorize an upper term sentence. Butler v. Curry, 528 F.3d 624, 641-43 (9th Cir. 2008).

*Analysis*

Petitioner appears to argue that the exception to the Apprendi rule set forth in Almendarez-Torres is no longer viable and a jury should have decided if petitioner had prior convictions and parole violations. Traverse at 3-4.

In the instant case, petitioner admitted his prior conviction. Lod. Doc. 3 at 18. After being found guilty at trial, the judge stated the following at sentencing:

> I'm going to declare 67197, which is the robbery case, to be the principal term. I find that the facts in aggravation -- well, I should back up a little bit. [Petitioner] in that case would be eligible for probation only if there are unusual circumstances that exist. I do not find any unusual circumstances in this case which would warrant probation, but I have denied probation in any event because of [petitioner's] prior record, his two prior prison commitments and his three parole violations. So he would not have been a candidate, a good candidate, for probation in any event.
>
> Now I also find that the facts in aggravation outweigh those in mitigation. I therefore will impose the upper term of five years on the robbery . . .

Lod. Doc. 4 at 266-67.

It is clear that the court used the prior conviction as one of the factors to provide for the upper term sentence, which is appropriate regardless of any other factors considered, pursuant to Black II and Butler.[3]

---

[3] Petitioner does not dispute that he had prior convictions and prison terms.

7

1        Petitioner presented this claim on direct appeal which was denied by the
2   California Court of Appeal, Third Appellate District:

3       [Petitioner] does not dispute the information in the probation report or suggest there is any evidence to the contrary.  Accordingly, we are persuaded beyond a reasonable doubt that if the jury had been instructed on the aggravating circumstances of the [petitioner's] three parole violations, it would have found that circumstance to exist.

6       [Petitioner] contends that, even with prior convictions, the trial court makes other findings of fact that should be reserved to the jury.  For example, [petitioner] argues, the court must decide if the prior convictions are numerous and of increasing seriousness, the length of time between priors, and whether prior prison terms were, in fact, served or followed a revocation of probation.  However, these issues are either irrelevant or follow naturally from a review of [petitioner's] record of convictions.

10      We conclude imposition of the upper term on the robbery count was supported by [petitioner's] prior convictions and prison terms, which fall outside the scope of Blakely, and his prior parole violations, which either fall outside Blakely or it was harmless for the court to have considered.  Hence, there was no Sixth Amendment violation.

13  Lod. Doc. No. 5 at 56-57.

14       Petitioner has failed to set forth sufficient facts that the Court of Appeal holding is
15  an unreasonable application of established Supreme Court precedent.  Rather, the state court
16  correctly and accurately described the applicable law.
17       Even if the trial court had relied on other factors to impose the upper term, the
18  sentence was still appropriate as the court also relied on the prior conviction, and needed only
19  one aggravating factor to authorize an upper term sentence.  Butler, supra; Black II, supra.  Of
20  course, finding a prior conviction for sentencing purposes is not an Apprendi, et al. violation.
21  Butler, at 643-44.  Petitioner's sentence was not contrary to established Supreme Court law and
22  this claim is denied.
23  ////
24  ////
25  ////
26  ////

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application for a writ of habeas corpus be denied.

2. The court declines to issue a certificate of appealability in this case.

Dated: March 30, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

ande0660.hc